**BROTHERHOOD OF R. R. TRAINMEN**

v.

**SWAN.**

**No. 11034.**

United States Court of Appeals
Seventh Circuit.

June 11, 1954.

Burke Williamson, Jack A. Williamson, Chicago, Ill., Adams Williamson & Turney, Chicago, Ill., Wayland K. Sullivan, Cleveland, Ohio, of counsel, for appellant.

C. A. Conway, Chicago, Ill., Roscoe C. Nash, Chicago, Ill., L. Joseph Anstine, Chicago, Ill., Harry Willmarth, Cedar Rapids, Iowa, Harold C. Heiss, C. E. Weisell, Cleveland, Ohio, Richard P. Shanahan, Kansas City, Mo., Harold E. Marks, Chicago, Ill. (Chapman & Cutler, Chicago, Ill., Elliott, Shuttleworth & Ingersoll, Cedar Rapids, Iowa, Russell B. Day, Cleveland, Ohio, of counsel), for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This appeal from the District Court involves a unique situation. Upon motions by the Brotherhood of Railroad Trainmen, all ten members of the First Division of the National Railroad Adjustment Board indicated by their votes that they were willing to reopen and have further proceedings in five cases, in which the Division's awards had been judicially declared void because of the absence of necessary parties. The failure to enter orders carrying into effect the unanimous decision of the Division was due wholly to the fact that five of the members insisted that the orders for reopening should be on condition that such action would "not be used as a precedent for reopening dockets of said Board, except in cases where the courts had voided awards of" said Division due to lack of notification to a third party of the hearing as required by Section 3, First (j) of the Railway Labor Act, as amended. A resolution carrying such condition received the affirmative votes of five members and the negative votes of five members. A resolution without such condition received the affirmative votes of the five members who opposed the resolution with the condition and received the negative votes of the five members who supported the resolution with the condition.

We are asked to review the action of the District Court in dismissing a complaint filed by the Brotherhood, hereinafter referred to as plaintiff, seeking an injunction to compel the First Division to reopen the five cases, notify the necessary omitted parties, permit them to be heard and submit evidence, and re-decide the cases, and asking for general relief. The District Court dismissed the cause upon the basis of facts set forth in the pleadings which are the complaint, an answer filed by the five carrier members of the Division, an answer filed by one of the labor members, an answer filed by the remaining four labor members, and an answer filed by three intervenors, who represent the messenger-baggagemen, the latter being the necessary parties whose omission from the original proceedings before the First Division resulted in the judicial action voiding the awards.

The essential facts are: plaintiff sues as representative of trainmen employees of the Santa Fe Railway who claim the right to perform work as baggagemen on said carrier under a collective bargaining agreement made by plaintiff and said carrier. On April 20, 1942, the First Division entered five awards in docket numbers 7684, 10405, 7685, 7686 and 7687, each in favor of plaintiff as such representative of trainmen employees of the carrier and against the Santa Fe Railway. On April 20, 1949, a judgment was entered in the District Court of the United States, for the Western District of Missouri, in the case of Templeton v. Atchison, Topeka & Santa Fe Ry. Co., et al., in which it was adjudged and decreed that said awards were illegal and void because Templeton, the plaintiff there, and the express-messengers of the Santa Fe Railway, whom he represented as a class, were given no notice of said proceedings nor afforded an opportunity to be heard therein.[1] On December 16, 1950, plaintiff made a motion in each of the five cases, requesting the First Division to reopen its file, issue proper notice to the express-messengers, permit the latter to be heard, and redecide the case. It also asked that it be permitted to submit further evidence,

1. The court enjoined defendants (the carriers and the Brotherhood of Railroad Trainmen), inter alia, from giving legal effect to said awards, specified that the effect of the injunction was to place the parties in the same position they occupied on September 15, 1945, and as though no awards of the Board had been rendered, but provided that "The parties are not restrained and enjoined from pursuing any remedies they may have under the Railway Labor Act." 84 F. Supp. 162, at page 170. Said judgment was affirmed, Brotherhood of R. R. Trainmen v. Templeton, 8 Cir., 181 F.2d 527, and certiorari was denied, 340 U.S. 823, 885, 71 S.Ct. 57, 95 L.Ed. 605. The mandate of the United States Court of Appeals was filed in the District Court on November 18, 1950.

and "that, if, after proper notice, said express-messengers do not file any submission, statement or evidence, * * * the award be reestablished and confirmed."

On or about December 20, 1950, the plaintiff served on the Santa Fe Railway notice of its applications to the First Division to reopen the five cases. Said carrier has taken no action with respect to such applications.

On January 23, 1951, the five labor members proposed a resolution reciting that the court had rendered judgment holding said awards were illegal and void primarily on the basis that certain employees were not notified and given an opportunity to be heard to defend their interests, and resolved that said dockets be reopened, a hearing be held, "to enable all interested parties to be present to enable them to protect such interests of theirs as may be involved, with the specific understanding, that such action of the First Division * * * will not be used as a precedent for the purpose of reopening Dockets of this Board, except in cases where the Courts have voided Awards of this First Division * * * due to the so-called third party not being notified of the hearing * * *". The five carrier members voted against said resolution and it failed to carry by a majority of the votes of the members of the First Division.

On March 21, 1951, a carrier member introduced and the five carrier members voted for the adoption of a resolution granting the motions of the plaintiff. The labor members voted against said resolution. Accordingly, it also failed to carry.

In their answer filed in the District Court, four of the labor members of the Division allege that "unless a reopening of the award here involved is so conditioned as above set forth with respect to its future effect as a precedent, the unjustified reopening of many awards would be sought and the large volume of work of said Division of the National Railroad Adjustment Board would be seriously hampered and hearings and decisions in pending cases would be unreasonably and unjustifiably delayed and postponed."

Said answer also alleges (and it is not denied) that there is no rule of the Division requiring the reopening of dockets.

The District Court in its memorandum and order of September 29, 1953, dismissing the complaint, indicated that plaintiff has a right to file new petitions before the Board, based upon the old grievances, and that the right to file such new petitions is an adequate administrative remedy which bars any sort of judicial relief at this time.

On October 19, 1953, the District Court denied a motion to vacate its order of September 29, 1953, and dismissed the cause. From these two orders the present appeal was taken.

■■■ 1. The statutory duty of the Division became clear when the courts declared void the awards because of the absence of the express-messengers. The effect of the voiding of the awards was to leave the five cases pending and undisposed of. Thereupon it became and still is the duty of the Division to hear and dispose of these cases, entirely disregarding the findings and awards heretofore made. By their actions, the ten members of the Division have indicated that they recognize their statutory duty. On the record before us we are not called upon to indicate the procedure to be followed by the Board in performing that duty. It is immaterial by what legal nomenclature they may designate the steps they take in discharging that duty. Whether the first step be called a reopening, or a resumption, or a retrial, is immaterial. The Division should give due notice of all hearings to the express-messengers, who should then be heard either in person, or by counsel, or by other representative, as they may elect, pursuant to Section 3 First (j) of the Railway Labor Act, 45 U.S.C.A. § 153 First (j). Unless the then parties to the proceedings shall

waive some or all of their rights, they will be entitled to be present at all hearings in these matters, introduce evidence, cross-examine all witnesses heretofore or hereafter produced by parties with opposing interests, and make arguments. They have a substantial right to be heard on all matters which materially affect their interests. They may defend on the merits as though they were original parties, unrestricted by any of the prior proceedings. 67 C.J.S., Parties, § 81, p. 1066. As this court said in Valley Mould & Iron Corp. v. National Labor Relations Board, 7 Cir., 116 F.2d 760, at page 767:

> "Obviously the right to a hearing embraces not only the right to present evidence but also reasonable opportunity to learn the claims of the opposing party and to meet them. Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129."

We express no opinion as to what the findings or decisions of the Division on a new hearing should be. The making thereof requires an exercise of judgment by the members of the Division. It is, however, required that the Division proceed as above outlined. By so doing, it may perform its duty to determine the rights of the contending parties. The performance of the Division's duty in that respect cannot be postponed or evaded by any attempt to foreclose in advance the future effect, if any, of its contemplated action, as a precedent. Not only is such a consideration foreign to a determination of the rights of those involved in the present controversy, but it is practically impossible at this time to say that any action now taken by the Division in these cases would or would not be a precedent in a future case. That would in a large measure depend upon the facts in the future case which at this time are necessarily unknown and are not within the scope of clairvoyance. Neither can the Division's duty to do justice among the parties to this present controversy be evaded or affected by the possibility that as a result of such performance of duty the reopening of many awards will be sought and the work of the Division will be hampered, delayed or postponed. If such a situation ever arises it must be met by some remedy other than an avoidance by the Division of performance of its clear duty in the five cases now before the Division.

We believe that, insofar as the situation shown by the pleadings in the District Court is concerned, it is the duty of the First Division and the individual members thereof to proceed forthwith to hear and determine the pending matters known as docket numbers 7684, 10405, 7685, 7686 and 7687, after having first given proper notice of all hearings to all employees and carriers involved.

█ 2. In a brief filed in this court on behalf of four of the labor members of the First Division it is contended that since plaintiff has alleged no right guaranteed to it by any federal statute or by any statute regulating commerce by which it is entitled to the relief prayed for, the District Court was without jurisdiction to hear its complaint.

The complaint alleges that the failure of the First Division to reopen the five matters, hereinbefore discussed, is causing the trainmen employees of the Santa Fe Railway, represented by plaintiff, to lose thousands of dollars in wages each and every month and is depriving them of valuable employment rights under the Railroad Retirement Act of 1937, as amended, 45 U.S.C.A. § 228a et seq. The complaint also relies upon the provisions of Section 3 First (j) of said act, as hereinbefore indicated. That section, 45 U.S.C.A. § 153, provides for the establishment of the National Railroad Adjustment Board, its composition, its powers and duties, its divisions, and its hearings and awards. Section 2 of said act, 45 U.S.C.A. § 152, sets forth the duty of all carriers and employees to make every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and pro-

vides for the designation of representatives of employees. The complaint declares that this suit is brought by the plaintiff as representative under the Railway Labor Act of trainmen employees of the Santa Fe Railway, in a claim based on their collective bargaining agreement with the Santa Fe Railway made pursuant to said act, to obtain valid awards from the National Railroad Adjustment Board pursuant to the provisions of said act. Specifically, the complaint seeks an order of the court directing the Board to give the notice required by Section 3 First (j) of said act so that whatever awards thereafter may be rendered by the Board will be valid.

The applicable statute, 28 U.S.C.A. § 1331, reads:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

Also pertinent is 28 U.S.C.A. § 1337, which reads as follows:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

We hold that the District Court had jurisdiction of this action as one arising under the laws of the United States and also as one arising under an act of Congress regulating commerce, as referred to in the above statutory provisions.

Accordingly, the two orders of dismissal entered by the District Court are reversed and this cause is remanded to the District Court for further proceedings not inconsistent herewith.

Reversed and remanded with directions.